IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUG KNUEVEN, *Plaintiff*, v. LYSTN, LLC, *et al.*, *Defendants*. | CIVIL ACTION NO. 5:23-cv-04968-JLS |

### MEMORANDUM OPINION

**SCHMEHL, J.** */s/ JLS*                                                          JULY 16, 2025

Now pending before the Court is Defendants' motion for partial summary judgment. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

I

A

Plaintiff Doug Knueven initiated this action in the United States District Court for the Western District of Pennsylvania in March 2023 against Defendants Lystn, LLC and Keith Hill. The amended complaint generally alleged that in May 2021 Plaintiff revoked an agreement with Defendants, which allowed Defendants to use Plaintiff's image and likeness for $500.00 per month. Am. Compl. ¶¶ 14-15, ECF No. 11. Thereafter, Plaintiff repeatedly demanded that Defendants remove every photograph, podcast, and blog post featuring his image and likeness from their website, but Defendants apparently did not comply. *Id*. ¶¶ 16-18.

Plaintiff now seeks to recover (1) damages for the reputational harm caused by his association with a brand he no longer wished to endorse and (2) the income that he would have earned from the continued use of his image. *Id*. ¶¶ 22, 29-30. He also seeks (3) an injunction

prohibiting the future use of his image or likeness.  *Id*. ¶ 137(b).  In pursuit of these remedies, the amended complaint advances eleven causes of action: false advertising under the Lanham Act (Count I); false association under the Lanham Act (Count II); invasion of privacy under Pennsylvania common law (Count III); unauthorized use of name or likeness under 42 Pa. Cons. Stat. § 8316 (Count IV); violation of the common-law right of publicity (Count V); violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count VI); commercial defamation (Count VII); negligence (Count VIII), conversion (Count IX), unjust enrichment (Count X), and *quantum meruit* (Count XI).

B

Following the filing of the amended complaint, Defendants moved to dismiss per Rules 12(b)(3) and (b)(6).  Those motions were referred to Magistrate Judge Lisa Pupo Lenihan.  In her Report and Recommendation, Judge Lenihan declined to address the merits of Defendants' Rule 12(b)(6) arguments, concluding instead that venue in the Western District of Pennsylvania was improper.  *See* R. & R. at 3, ECF No. 33.  Accordingly, the magistrate judge recommended *sua sponte* transfer of the case to the Eastern District pursuant to 28 U.S.C. § 1406(a).  On November 14, 2023, the District Court adopted that recommendation.  The case was transferred to the Eastern District of Pennsylvania on December 15, 2023, and assigned to the undersigned.

At the Rule 16 scheduling conference held in February 2024, Defendants requested that the Court review their 12(b)(6) arguments.  The Court acceded, ultimately granting in part and denying in part Defendants' motions, *i.e.*, dismissing only Count VI—the Unfair Trade Practices and Consumer Protection Law claim.  *See* Order at 1-4, ECF No. 50.  Simultaneously, the Court extended the discovery period to August 30, 2024.  *Id.* at 1.

Nine days before that deadline, however, Plaintiff complained of discovery non-compliance, filing both a motion to compel, ECF No. 54, and a motion to extend the discovery deadline, ECF No. 53.  The next day, the Court granted the latter motion, extending the discovery deadline to October 15, 2024.  Following briefing by both sides, the Court convened a telephonic conference on August 27, 2024.  Afterward, the Court ordered the parties to confer and submit a proposed confidentiality order within ten days.  *See* Order at 1, ECF No. 59.  The Court further directed that certain financial and business-operating records not previously exchanged be produced within twenty days of the issuance of that order.  *Id.*  The Court scheduled a follow-up conference to occur, and eventually established a dispositive-motion deadline of November 15, 2024.

C

On November 14, 2024, Defendants filed the present motion for partial summary judgment, ECF No. 65.  Plaintiff opposed the motion and concurrently filed a motion to compel seeking additional discovery, ECF No. 73.  A hearing on all motions was held on February 25, 2025, after which the Court ordered the parties to confer and submit a proposed order resolving the lingering discovery dispute.  The parties did so, and the Court entered a production order on March 10, 2025, ECF No. 80.  Simultaneously, the Court ordered Plaintiff to file a supplemental response to the Defendants' pending summary-judgment motion within thirty days.  *Id.* at 2.

Instead of filing that supplemental response, however, Plaintiff submitted a "Supplemental Brief in Support of Plaintiff's Motion Pursuant to Rule 56(d)," ECF No. 81, again seeking for substantive relief under Rule 56(d).  The brief argues that Defendants continue to withhold critical financial and business records—despite multiple Court orders compelling production—and that such information is necessary to quantify damages under the Lanham Act and to establish

3

Defendant Hill's personal liability for Defendant Lystn LLC's conduct. In the alternative, Plaintiff's submission also maintained that even with the limited discovery produced thus far, when considered alongside the affidavit of Roxanne Stone, Plaintiff provided evidence sufficient to survive summary judgment.

In response to that submission, Defendants replied that they have fully complied with the Court's March 10 discovery order by producing over 2,750 pages of responsive materials, including tax returns, sales data, meeting minutes, and various litigation documents. They further contended that the Court should address the merits of their summary-judgment motion and rule in their favor.

II

Against this procedural backdrop, the Court turns to Defendants' motion under Rule 56. The purpose of summary judgment is to isolate and dispose of claims or defenses that present no triable issues of fact and thereby streamline litigation. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Subsection (a) of Rule 56 provides that summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Subsection (d) of Rule 56 provides that if a non-movant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the Court may defer consideration of the motion, deny it outright, or permit limited discovery.

In addressing the merits of a summary-judgment motion, the moving party bears the initial burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If that burden is met, the burden then shifts to the non-moving party, who must go beyond the pleadings and set forth specific facts—by affidavits or

otherwise—that demonstrate the existence of a genuine issue for trial. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015).

A factual dispute is "genuine" only if a reasonable jury could return a verdict for the non-movant, and it is "material" only if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). Applying these standards, the Court now turns to Defendants' motion.

III

A

Defendants open by arguing that Plaintiff's Lanham Act claims for damages (Counts I and II) must fail because he has shown no evidence "actual damages" as described in *Caesars World, Inc. v. Venus Lounge, Inc.*, 520 F.2d 269, 274 (3d Cir. 1975). Plaintiff disagrees. He notes that a prevailing Lanham Act plaintiff can recover monetary relief by seeking disgorgement of the defendant's profits, without having to prove actual damages. *See id.* ("'[D]amages' means an award based on either actual damages to the plaintiff or actual profits of the infringer, measurable in dollars and cents.").

Expanding on the point, Plaintiff argues that under 15 U.S.C. § 1117(a), and to survive summary judgment, a plaintiff need only produce the gross sales figures attributable to the alleged unlawful use. Thereafter, "[t]he burden shifts to the defendant to 'prove all elements of cost or deduction claimed'" and to show any apportionment warranted by a lack of causation. *See Avco Corp. v. Turn & Bank Holdings, LLC*, No. 23-1609, 2024 WL 3439771, at *5 (3d Cir. July 17, 2024) (quoting *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 176-77 (3d Cir. 2005)).

5

The Court agrees. Viewing the record in the light most favorable to Plaintiff, the record evidence clearly satisfies his *prima facie* burden at this stage. *See also Dyson Tech. Ltd. v. David 7 Store*, 132 F.4th 526, 529 (7th Cir. 2025) ("The Act presumes that the infringing defendant's sales (that is, revenue) and profits are the same thing, until the defendant proves otherwise."); *Instant One Media, Inc. v. EzFauxDecor, LLC*, No. 22-11374, 2023 WL 2422196, at *2 (11th Cir. Mar. 9, 2023) ("The plaintiff's burden is merely to establish business-wide gross sales and some instances of infringement."). Here, Plaintiff has offered evidence tending to show the gross sales for Defendant Lystn LLC during the period of alleged unlawful use as follows:

| Year | Gross Sales |
|---|---|
| 2019 | $10,116,909.94 |
| 2020 | $13,444,187.02 |
| 2021 | $13,298,620.64 |
| 2022 | $9,159,829.81 |

The burden thus shifts to Defendants "to prove all elements of cost or deduction claimed." § 1117(a). But, as is clear in their summary-judgment papers, Defendants concede that they "are not currently asserting" that they have satisfied that burden. Defs.' Reply in Supp. of Defs.' Mot. for Partial Summ. J. at 9, ECF No. 83.

Rather, Defendants counter that these gross-sales figures "demonstrate that their financial condition declined during the months in question" and therefore Plaintiff cannot show "that Defendants profited from the alleged infringement." *Id.* at 8, 10. But this argument clearly misses the mark. Defendants conflate total corporate profitability with the simple initial burden of offering gross sales traceable to a § 1125 violation. The Lanham Act's disgorgement remedy does not turn, in the first instance, on the defendant's overall profitability. For even if a defendant's

profits trend downward, recovery may still be warranted so long as the defendant fails to rebut the plaintiff's *prima facie* showing.  Theoretically, the decline might have been steeper had the § 1125 violation not occurred.  Defendants' motion for summary judgment on Counts I and II is therefore denied.

B

Defendants next contest the sufficiency of Plaintiff's evidence supporting Counts VII through IX.  Again, Count VII asserts a defamation claim, Count VIII alleges negligence, and Count IX pleads conversion.  As to Count VII, Defendants argue that the claim fails because the record lacks any statement that is both defamatory and attributable to them.  Regarding Count VIII, they contend that Plaintiff has offered no evidence of damages.  *See generally Abuhouran v. United States*, 595 F. Supp. 2d 588, 595 (E.D. Pa. 2009), *aff'd*, 389 Fed. Appx. 179 (3d Cir. 2010) ("If the plaintiff does not suffer actual damage, he does not meet the fourth requirement for demonstrating a *prima facie* case of negligence under Pennsylvania law and therefore has no cause of action."). And finally, with respect to Count IX, Defendants assert that Plaintiff has not identified any specific chattel that they allegedly took or unlawfully interfered with.

In response to these asserted insufficiencies, Plaintiff offers no rebuttal.  And nowhere does he suggest that any unanswered discovery might supply what is missing.  At summary judgment, such silence is fatal.  For the non-movant must go beyond the pleadings and cite to specific facts showing that there is a genuine issue for trial.  *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015). As Plaintiff has not carried this burden, judgment on Counts VII, VIII, and IX will be entered for Defendants.

C

Defendants next turn to Counts X and XI, which assert claims for unjust enrichment and *quantum meruit*, respectively. Defendants argue that these claims cannot survive because Pennsylvania courts bar such claims when a written or express contract governs the parties' relationship. *See Toppy v. Passage Bio, Inc.*, 285 A.3d 672, 688 (Pa. Super. Ct. 2022). According to Defendants, the record here clearly supports a finding that an enforceable contract governed the relationship between the parties. *See* Mem. of L. in Supp. of Defs.' Mot. for Partial Summ. J. at 9, ECF No. 65-1 (citing Knueven Dep. 22-27, ECF No. 65-2). In response, Plaintiff again offers no rebuttal. He does not dispute the existence of a contract, nor does he contend that additional discovery might yield evidence that would sustain these claims. On this record, Plaintiff once again has not carried his burden. *See Santini*, 795 F.3d at 416. Accordingly, judgment will be entered in favor of Defendants on Counts X and XI.

D

Finally, Defendants contend that Defendant Keith Hill is entitled to judgment as a matter of law on all counts asserted against him since the record apparently contains no evidence supporting Plaintiff's attempt to pierce Defendant Lystn LLC's limited-liability veil. This time, Plaintiff responds that he is not able to oppose this aspect of the summary-judgment motion because "Defendants' [sic] continue to produce half-measures or nothing at all; especially involving . . . documents (financials/meeting minutes) showing Hill's control over the company." Pl.'s Suppl. Br. in Supp. of Pl.'s Mot. Pursuant to Rule 56(d) at 5, ECF No. 81. From what the Court can discern, Plaintiff appears to seek unredacted "financials" and meeting minutes to establish a genuine dispute of material fact on the question of piercing the corporate veil.

Defendants, in response, maintain that they redacted information irrelevant to the Plaintiff's claims and produced only those financial documents expressly required by the Court's previous order.

The question thus presented is whether the Court should hold in abeyance the veil-piercing portion of Defendants' summary judgment motion in light of the limited production "financials" and meeting minutes. The Court notes that in making such a request under Rule 56(d), the burden rests with the non-movant to clearly identify the "particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988)). Here, Plaintiff clearly has not satisfied this standard, having failed to either precisely specify which redacted documents are at issue or explain how their unredacted versions would otherwise preclude summary judgment.

That said, however, the Court will afford Plaintiff one final opportunity to obtain the supposedly necessary discovery. Within fourteen days, Plaintiff shall file a motion to compel that (1) precisely enumerates each unredacted document sought, (2) explains why each document is relevant, and (3) attaches a proposed order that identifies those redacted documents by Bates number. Accordingly, the portion of Defendants' motion for summary judgment directed to piercing the corporate veil is denied without prejudice. Defendants may renew only that aspect of their present motion thirty days after the Court rules on Plaintiff's motion to compel. Should Plaintiff elect not to file a motion to compel, Defendants may refile the veil-piercing portion of their motion three days after the deadline to submit the motion to compel has elapsed.

IV

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment, ECF No. 65, is granted in part and denied in part. The motion is denied as to Counts I and II (Lanham

9

Act), granted as to Counts VII (defamation), Count VIII (negligence), Count IX (conversion), Count X (unjust enrichment), and XI (*quantum meruit*), and denied without prejudice as to Plaintiff's veil-piercing theory against Defendant Keith Hill.  Within fourteen days, Plaintiff may file a narrowly tailored motion to compel consistent with the requirements outlined above. An appropriate order follows.